5th and 9th Circuits Right Under the Taylor Categorical Approach, the age of consent at 16. Mr. Rangel's prior conviction falls outside of that definition. The Taylor analysis here is straightforward. The Supreme Court said in Taylor itself that the generic definition corresponds to that used in a majority of the states. Here, we have a clear majority, 34 states that set the age of consent at 16. And if that weren't enough, the same definition is used in the Model Penal Code, in Black's Law Dictionary, and in federal law. The government's contrary approach, seeking to impose the minority view, is flawed for at least three reasons. First is that it ignores the language of Taylor itself, which as I mentioned equates the generic view to the majority view. This court has recognized that very principle in the Knight case and applied it to set the generic definition of arson as that used by 36 states, which this court described as a clear majority. The second problem is, in determining what is a generic offense or categorically a generic offense, has the Supreme Court or the Taylor Court really started counting states because the Taylor, I thought, involved the definition of burglary. And it was a sort of a common law definition of burglary. And then Taylor actually broadened that to include all but a very few. And I thought in that sense it was maybe a rejection of a plurality. Well your honor, if you look at what Taylor itself does, it describes what it does is adopting the majority view. In two other points it says that it is doing what most states do. So in Taylor you did have the definition of burglary and there were three options available to the court. There was the narrow common law definition. The court rejected that not simply because it was narrow, but because as the court explained, most states had expanded that definition. So then you had the third option that the court rejected was the extremely broad definition of burglary that you had in other states such as California, which defined burglary so broadly that it encompasses offenses such as shoplifting, auto theft, that most states consider to be lesser offenses such as larceny or something like that. Could this principle cut against defendants in a majority view is perhaps a broader, more sweeping definition? That's absolutely right. I think that what Taylor does is it creates a default rule when you're interpreting it in the context of the sentencing guidelines. There's a default rule that when the sentencing commission uses one of these terms, it's defined according to the majority view. And lots of the sentencing commission says otherwise. No, no, but what I'm saying is isn't, aren't there going to be a number of cases where the majority view is going to work to a defendant's detriment? Absolutely, and I think that's irrelevant under Taylor. I think what Taylor says is the majority view is going to control regardless of whether that's the broad view or the narrow view. In this case, it's the narrow view and it helps the defendant. Certainly there will be other cases. The arson case in Knight is an example where the broader, the minority definition in that case was the narrow one. It was the generic common law definition of arson limited that offense to the burning of dwelling homes. Most states have expanded that by statute to include other things, other types of personal property, and the court recognized them. That's what the majority of folks, majority states do. That's what controls in terms of setting the generic definition. Well, Tennessee age is 18. That strikes me in the scheme of things to be overly broad. That's 34 states, 16. That's absolutely right, Judge. Tennessee is one of only, I think there are 11 states that agree with 18. Six states say 17, and 34 states say once you hit the age of 16, you can consent, and that is what should control in this case in terms of setting what the age of consent is for the generic definition. Does it make a difference? We talk about the majority and minority view as with respect to age alone, but the thing about these things is that there are always little wrinkles, you know, and one of the wrinkles in the Tennessee system, here the perpetrator was 28 and the victim was 16. Does that skew the calculus in terms of the majority and the minority view, the fact that the Tennessee statute has a bit of a mitigating factor with respect to a 10-year age difference? The 10-year age difference makes no difference in this case when you look at the majority-minority point of view, and that's because the 34 states that adopt 16 as the age of consent say that when you're 16, you can consent, and it doesn't matter if your partner is two months older, two years older, or two decades older. Once you hit 16, you can consent. Tennessee has a quirk. They do it differently, as Judge Floyd points out. They define it more broadly. In this case, the age differential makes no difference, and now the government may well be right in its brief to suggest that in some future case, the court will need to decide whether the generic definition includes some type of age differential. You can imagine a case where the victim is 15 and the offender is 16. There's only a one-year age difference. That would qualify under the two elements that we talk about here, which is sexual intercourse and under 16. There would be a question in that case about whether there should be some kind of generic formulation that accounts for the age difference. The Tennessee statute is a bit stricter with setting the age at 18, and one question I had for you is whether the answer to this, rather than trying to count states, doesn't lie in the statute. Here, for example, the guidelines are advisory and the district court departed down. The guideline range, I think, was 57 to 71 months, and the district court, as I remember, departed downward to 42 months. With the advisory guidelines, don't you have a larger role for district courts in mitigating the ... Because this is a very interesting case. I'm a little probably isn't in most instances, but for purposes of this guideline provision, it's listed as one. To take a state's definition of what is clearly a crime of statutory right and just toss it aside. Well, there are a couple of points there, Judge. First is that you're right that departure sentencing can be part of the solution here. The first principle, though, is you have to calculate the guidelines correctly in the first instance. To do that, you have to define the generic definition of statutory right. While the district judge did depart downward here from 57 to 71 down to 42, the base guidelines range, had the court agreed with us on what the calculation should have been, was only 15 to 21 months. You're starting from a very different place when you're looking at 15 to 21. There's nothing in the record to suggest that the court would have agreed to depart upwards more than doubling the guidelines range, simply because this ... Could we define the generic crime? Do we have to define it with respect to a particular number of years? In other words, would 17 years? I think 17 would also be overly broad, as Judge Floyd points out, with respect to 18. I think what Taylor directs you to do is to make sure that the elements of the generic offense match the elements of the offense of conviction. Here, for our purposes, the key elements that we have are sexual intercourse, which is conceded, and what the age of consent is. Taylor acknowledges that you can have minor variations in terminology, but that's not what we're dealing with here. The age of consent is an element of the offense, and the way you can tell that is whether it impacts what conduct falls under the provision. If you have the same conduct here, you have consensual sex with someone at the age of 16 or 17, that falls under one set of statutes, but not under the other. That means it's an element of the offense. We have to determine what is the generic view of that element, and for the reasons that we point out here, we think it's the view adopted by 34 states. I would point out one other thing that is a bit of a problem with the government's argument is that they suggest that, well, the Sentencing Commission can't have intended for the age of consent here to be 16, but that overlooks that the commissions had ample opportunity to adopt a different definition. It could always go back and clarify. Since the commission has passed more than 50 amendments to the guidelines, many of them in response to circuit court decisions. In fact, this very provision, 2L1.2, has been amended by the commission three times in 2008, 2011, and 2012. Did the 9th and 5th Circuit adopt the 16-year age limit as the generic? They did, yes, Your Honor. In the five years since then... Are any circuits going the other way? No. There is no circuit that has addressed this precise issue and agreed that the generic age is anything other than 16. So you have two circuits on your side? I do. And the government makes, I touched briefly on their alternative argument that this qualifies not as statutory rape, but as sexual abuse of a minor. I think that argument is problematic because, again, in 34 states it doesn't qualify as sexual abuse of a minor. It doesn't qualify as a crime at all. There are a couple of other problems with that alternative argument. First, is that it renders completely meaningless the commission's decision to include statutory rape as a separate offense because it would swallow any statutory rape offense. And the other problem is that it's inconsistent with this court's decision in Diaz-Ibarra, which says that sexual abuse of a minor requires an element of misuse or mistreatment. That standard is not met here when you have a statute targeted at admittedly consensual conduct. There's a question of federalism in different state definitions, but I guess your response to that is also a question of this is a federal sentencing procedure and one of the reasons the guidelines was put in was to achieve a certain degree of uniformity in federal sentencing procedures and the way you do that. You're absolutely right, Your Honor, and Taylor speaks precisely to that, saying that for purposes of federal sentencing you need to adopt a uniform definition to prevent the unfairness from having the applicability term. You don't want somebody getting a 16 level increase with a relationship with an 18 year old and somebody else in a neighboring state. Right, the overall impact of the government's approach here is especially pernicious under the facts of this case. Doing the exact same thing and not getting the increase. That's right, and here you have conduct that most of the time in categorical approach cases you're the crime of larceny or the crime of burglary. The underlying conduct is almost always a crime. Here we have 34 states that say what happened, what underlied this conviction in Tennessee isn't a crime at all. It's perfectly legal consensual activity and so that is a very strong reason for the fairness principles that Taylor addresses and certainly like you say there are federalism principles and nothing about this case prevents Tennessee from enforcing its laws it sees just and certainly if every state decides to follow Tennessee and change their age of consent the federal definition. I really don't think that our federal court guidelines decision is going to weigh all that heavily on the Tennessee legislature. I agree that's probably right your honor but for the reasons I've laid out I would ask the court to remand this case for resentencing without the application of the crime of violence or the aggravated felony enhancements. Thank you. All right, we thank you. Now we'd like to hear from Mr. Miller. May it please the court, William Miller on behalf of the United States. The district court in this case correctly concluded that the defendant's Tennessee conviction for aggravated statutory rape satisfied the generic definition and it therefore qualified as a crime of violence under the illegal re-entry guidelines. In its most basic generic sense statutory rape is sex with the victim whose consent is either invalid or ineffective based on age. You do agree that the fifth and ninth circuits go against you? I think the fifth and the ninth circuits are wrong. They're they weren't addressing a statute like this. I think it's important to recognize that 10 year age difference. I think that's what makes this crime statutory rape and the statutes that were before the fifth and ninth circuits they didn't include that 10 year age gap. But if he if he committed the same crime um not in Tennessee but let's say in Kentucky and Kentucky had a 16 year age limit it would be perfectly innocent. It wouldn't it would be it would be perfectly innocent behavior wouldn't it? Well we have to look at sort of the elements here as opposed to underlying conduct. The victim in the case was 18 and if he had in Tennessee he was guilty of statutory rape but if he'd been in Kentucky and done the exact same thing he would have engaged in wholly innocent behavior right? That's correct but I don't think that a general doesn't that matter in terms of the guidelines and their desire to achieve some degree of fairness and uniformity in sentencing? It does your honor certainly but Taylor didn't require that you resort to the lowest common denominator. And you can see that the Taylor framework is what we must use? Yes your honor this is a when you're looking at an enumerated offense it's not otherwise defined. Taylor provides the framework and what it requires is that you determine the general. Do you have to argue that the ordinary contemporary generic meaning is something other than 16? What we have to prove to this court or have satisfy this court is that this Tennessee statute that sets the age of consent at 18 and includes an age differential of 10 years falls within the generic definition of statutory rape. And I think it's important because that's what makes this particular crime statutory rape is the operation of these two elements together. These two components together is what satisfies sort of the age element of statutory rape. And I think the defendant's in so far as statutory rape in Tennessee based on age of the victim right? That's correct your honor there are several different portions to the Tennessee statutory rape and actually this is the aggravated portion. So you would agree that the Taylor framework invalid with it should be construed as not a crime of violence as to some statutory rapes in Tennessee under the Taylor framework but as to your particular situation it should be considered a crime of violence. I think what we have here is the implausible interpretation that Taylor specifically cautions against because a conviction under the run of the mill portion of that Tennessee statute would actually satisfy the approach that the defendant is or that the defendant is suggesting while a conviction under the aggravated portion would not. And I think that when you look at the way statutory rape laws are set out it's not so simple as an age of consent. There's several different components that render the defendant's or render the victim's consent invalid or ineffective. How do I read the guidelines then to take all that into account? I think the way to read the guidelines is to determine whether or not the basic elements of statutory rape are present in the conviction. Which are universally the age of the victim. The age of the victim and in a majority of cases some additional component. This age differential is present in a majority of states. In fact only 12 states have a strict age of consent law. And I would suggest that. Do you know which ones make it 17, 5 years older, 3 years older, 10 years older? How do we figure that? I think that's the I think that's what you're trying to tell me to do is take it element by element because you can see that I apply the Taylor framework when I'm looking at age of consent. That's correct but I think when you start going component by component you're going to end up eliminating or the court would end up eliminating a majority of jurisdictions. Because in this case if you look at age of consent and say age of consent that's 16 and under. The next case comes along a majority of states have an age differential requirement. But isn't the age of when you're talking about statutory rape isn't the age of consent the most important factor? It is certainly an element of every case. But it's not just an element it's probably of all the different factors it would be the most important wouldn't it? That's correct I mean it's certainly a component of every statutory rape law is age of consent. But most have an additional element or have an additional component to that age element be it an age differential requirement. The 17 states that don't adopt age 16. How many of those adopt go as far as 18 or do a lot of those 17 states for example adopt 17 as the age? I believe that the breakdown is that six of the 17 have 17 as the age of consent and 11 have 18 as the age of consent. And I believe nearly all of those have some additional age requirement or be it a minimum age for the defendant or an age differential between the defendant and the victim. Can one have a generic offense that involves that makes room for different elements and still the different elements still be part of a generic offense even though the crimes are simply not identical? I think so your honor. I think that statutory rape is the type of law where that's necessary because all you have to do is look at the footnotes and all our discussion here and see that there are a multitude of different ways that states get at this idea of what is statutory rape. But at its most fundamental the elements are sex with the victim whose consent is invalid or ineffective based on age. And the reason for that is that these states have made a judgment that adult perpetrators preying on victims who are And I think that that's what generic statutory rape is and I think that's what the Tennessee statute is intended to criminalize. But then we would have a generic offense that was either 16 years of age or 18 years of age with a 10-year differential required. So we have two essentially you're asking us to create a you say you ask us to define a generic offense what you're actually asking us to do is create two generic offenses or maybe multiple generic offenses is that correct? No your honor what we're at what the government's asking the court to do is to find that this Tennessee statute satisfies the generic definition of statutory rape. What guidance does that give? I mean that creates if we hold I would take it almost by definition that with the age 16 that's a generic offense. That seems we can take that off the table can't we? Yes your honor. Okay that's a generic offense where you have an age 16 statutory rape so an age 18 with a 10-year differential if that's a generic offense then we have two generic statutory rape offenses or maybe three or four depending on the variables. How often do we see this phenomenon? I mean I don't think that the Supreme Court in Taylor had two generic burglary offenses and all you know all the all the rest I mean this wouldn't cause the states to change their laws I don't think depending on how we do this under 2L1 but how often do we see the phenomenon of having two generic offenses which are really quite different? I don't your honor respectfully I don't believe it's two generic offenses I think it's two offenses that substantially correspond with the basic elements of statutory rape. All right well what is the generic offense? I mean just define it for us in a nutshell. I would say that the generic offense of statutory rape is sex with the victim whose consent was invalid or ineffective as by based on age. I think those are the basic elements the basic components of statutory rape and I think if you look at the contemporary state formulations of statutory rape you see a variety of different ways of getting there and it's difficult to talk about a state where age of consent is the sole element and one where there's this additional 10 year age gap requirement just given the nature of the way these statutory rape laws are set out. I mean if you look at the minimum conduct required to violate one of these statutes if you have age of consent as a minimum that's the only element you could have a 15 year old having sex with a 17 year old and you know for however that strikes us that would be statutory rape. You define the generic offense quite broadly when you say based on age and everything and that's defined so broadly as to encompass a variety of different statutes and if you define a generic offense as broadly as you want to does it mean that people will receive disparate sentences for identical behavior that somebody in one state, state x, does something that's a 16 level increase and somebody in the very next state does exactly the same thing and there's no increase at all because it isn't statutory rape. I mean what does it do if we define it so broadly as to create what you disagree with or what I'm suggesting may be two generic offenses. If we create those two generic offenses the question comes what do you do to uniformity which is one of the guidelines chief goal. I agree with your honor. I think that the concept here is to define the general consensus view though and I think that that does require a broader view than going element by element counting up when you get to 26 you just stop. That can't be what Taylor required and it's not what Taylor required. Taylor directs you to look maybe you do different crimes in different ways but you know where you have a something that's as precise it may not be that you you go state by state or count up the majority of states in all circumstances. I don't know that that's a proper approach. I'm just asking where you have a crime like this one where age is so crucial or age is so crucial whether that approach in this particular circumstance is not with respect to generic crimes generally but in this particular circumstance whether it might not be the way to go about it because what does in neighboring states being given dramatically different punishments. I mean a 16 level increase is no small increase. Absolutely and as your honor pointed out when Mr. Carpenter was arguing we are talking about an advisory guidelines range and trying to fix a meaning to an specifically enumerated offense under the guidelines. Yeah but he had a good argument in response to that which is that you know you have to define the generic offense even to get to the guideline. That that's correct but I think that his definition of focusing exclusively on one element and just counting up to the majority approach is overly narrow and it's not what Taylor requires. Yeah I'm just a little nervous about what the government's urging here because of this lack of uniformity question. I just I'm just a little skeptical about about what you're what you're pushing. And I would also just point out your honors that it's not the case that every circuit sort of falling in line and the four circuits the next one to do it. I think first as I mentioned earlier you're dealing with a different kind of statute here than the fifth circuit the ninth circuit was dealing with because of that 10 year age difference. I think that's an essential component of the age element as to this crime. I think also as we've pointed out in submissions to the court this very issue is back before the fifth circuit in bank at the current moment and the fifth circuit had a panel split as to what the age of consent could be and now they're taking that up for the full court. I thought one panel was supposed to follow a note. I think that's the reason that they're trying to resolve the split at this time your honor and I think it's also clear from the is also before the fifth circuit now in that case well and I would just point the age differential doesn't cure the dish uniformity problem does it because it's because it wouldn't matter what the age differential was in a you know in a 16 year jurisdiction. Your honor I think focusing just on age of consent doesn't 17 it wouldn't in a 16 year age jurisdiction if an individual was 17 years of age it wouldn't matter what the differential was it could the differential could be 40 years and it still would not qualify a statutory right. That's correct your honor I think that the narrow approach of just looking at age of consent doesn't recognize the reality of how these laws are drafted in the various states because you have all but 12 states that include some sort of additional component to that age element and I think that the age of differential age differential here is what makes this statutory rape. At a minimum this Tennessee statute criminalizes sex between a 17 year old and a 27 year old and that's a circumstance where the victim's ability to consent has been overcome by this age differential this power difference component between the victim and the perpetrator I think that's in its most basic generic form what statutory rape is. And if your honors have no further questions we'll yield the balance of our time. Thank you sir. So the hard part of the government's case here is the disuniformity from my perspective. The hard part of your case is that is trying to deal with the age differential because what you do have when you have a 40 year old having a relationship with a 17 year old that really does seem to be what the whole constellation of statutory rape offenses is aimed at. It's not aimed it's not aimed so much it's the statutory rape by definition may be quote unquote consensual but what's what every statutory rape thing is in it is that there is an inequality that exists between the perpetrator and the victim even though it's an age differential and that really is part of what statutory rape is generically aimed at. Now why would a statute that seeks to define inequality through not through an absolute age but through a disparity of ages why would that take it out of the generic offense of statutory rape? The reason your honor is that every state has some kind of statute that deals with statutory rape or its equivalent whatever it's called in that particular state. Every state has asked itself the question does a 10 year age difference render as Mr. Miller said the 17 year old in you know somehow coerced. 34 states say no. For purposes of federal sentencing law that's what matters. Those 34 states have said that once you reach the age of 16 you're capable of consenting to sex regardless of the age differential between you and your partner. That is the uniform that Mr. Miller said what we're looking for under Taylor is to find the general consensus view. The general consensus view among the states is that sexual activity between a 16 year old and a 28 year old is not statutory rape. It's not a felony. It's not a misdemeanor. It's not a crime at all. Once you reach the age of 16. Once you reach the age of 16. Your 16th birthday there can be a you can have a relationship with a 45 year old man and that's not statutory rape. Under the laws of 34 states that is absolutely correct. But suppose another state sees it differently. They're completely entitled to do that. Nothing here as I mentioned in the opening questions Tennessee's ability to define statutory rape as it sees fit and every other state is able to do that as well. The consensus that's been reached through that process of 50 51 legislative bodies counting D.C. is that in this circumstance doesn't we have a generic offense that makes room for some degree of variation? I mean we don't or is this a lockstep kind of thing? What Taylor says is that you have to define the elements of the generic offense to match and you have to ensure that they match the elements of the offense of conviction. And what we're dealing with here isn't a minor variation in terminology. Taylor says there can be differences in terminology. One state can call it statutory rape. Another can call it sexual assault in the fourth degree. Another like in Virginia here can call it carnal knowledge of a minor. Those labels don't matter. What matters are the elements of the offense. The age of consent is an element of the offense because it affects what conduct falls under the statute. The same conduct falls under the statute in a minority of states. In 34 states it does not. That is the beginning and the end of the question. You think the most crucial element of the offense? Well I think Mr. Taylor acknowledged that it is an element in every single state. Every single state sets the age of consent at 16, 17, or 18. Some states do age differentials. Some states do minimum age requirements for defendants. There are lots of variations in those elements. In a future case the court may well be called upon to decide whether a one-year age difference is sufficient and whether something more is required. But Taylor makes clear that generic offenses do allow for variation and room. In different state definitions. Well it's certainly true that there can be differences in as I said in terminology. It can be called one thing in one state and one thing in another. If one state defines a term more narrowly so that the elements, but the question is whether the elements of the generic offense are present in the offense of conviction. And here the element of the age of consent being under 16 isn't present in Tennessee. And so for that reason it falls outside of the general consensus. If there are no other questions I would note for the court that we filed a motion to expedite in this case based on the fact that if the court should agree with our position the top end of the revised guidelines range would be 21 months. And as of next week February 6th my client will have been in federal custody for 21 months. In promptly as is possible given what I know is the court's heavy caseload. Thank you. All right we thank both of you and appreciate the quality of your argument and we'll come down and greet you and then I'll move into our final case.
judges: J. Harvie Wilkinson III, Henry F. Floyd, Joseph R. Goodwin